UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 23-22243-CIV-ALTMAN

LAZARO CANDELARIA,

     *Petitioner,*

*v.*

WARDEN, F.C.I. MIAMI,

     *Respondent.*

_____/

## ORDER

Our Petitioner, Lazaro Candelaria, has filed a petition for a writ of habeas corpus under 28

U.S.C. § 2241. *See* Petition [ECF No. 1]. But, rather than challenge "the execution of [his] sentence"—

which is the typical purpose of a § 2241 petition, *see Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348,

1352 (11th Cir. 2008)—Candelaria contends that his federal sentence in Case No. 15-CR-20165-DPG

is now illegal in light of the Eleventh Circuit's intervening decision in *United States v. Dupree*, 57 F.4th

1269 (11th Cir. 2023) (en banc), *see* Preliminary Statement [ECF No. 3] at 7 ("The sentencing court

was without jurisdiction to impose the sentence under § 4B1.1 because the petitioner did not have a

qualifying offense as a 'crime of violence' or 'controlled substance offense' as defined by § 4B1.2.").

    A challenge to "the validity of [a] sentence" must generally be brought in a § 2255 motion to

vacate, not a § 2241 petition. *Antonelli*, 542 F.3d at 1352. And Candelaria concedes that he "already

filed [a] 2255 [motion]," Petition at 5,[1] so § 2255(h)'s restriction on filing second or successive motions

precludes him (absent certain exceptions not present here) from filing another. Still, Candelaria

believes that he's entitled to collaterally attack his federal sentence in a § 2241 petition because 28

---

[1] *See* Motion to Vacate, *Candelaria v. United States*, No. 17-20685-CIV (S.D. Fla. Feb. 17, 2017), ECF
No. 1.

U.S.C. § 2255(e)—known as the "saving clause"—applies to his case. *See* Preliminary Statement at 9 ("Thus, [Candelaria's] claim can pass through the portal of the 'savings [sic] clause' under 28 U.S.C. § 2255(e) as a cognizable claim under 28 U.S.C. § 2241[.]"). After careful review, we find that the "saving clause" doesn't apply, that § 2241 thus isn't the proper mechanism for Candelaria's claims, and that (as a result) we must **DISMISS** the Petition as an unauthorized and successive § 2255 motion to vacate.

<h3 align="center">THE FACTS</h3>

Candelaria was charged in a multi-defendant indictment with conspiracy to possess with intent to distribute 4-Bromomethcathinone (otherwise known as "Molly"), methylene-dioxyethylcathinone (a/k/a Ethylone), and marijuana, in violation of 21 U.S.C. § 846. *See* Indictment, *United States v. Candelaria*, No. 15-CR-20165-DPG-6 (S.D. Fla. Mar. 17, 2015), ECF No. 3 at 3. After Candelaria pled guilty, U.S. District Judge Darrin P. Gayles sentenced him to 160 months in federal prison. *See* Judgment, *United States v. Candelaria*, No. 15-CR-20165-DPG-6 (S.D. Fla. Dec. 18, 2015), ECF No. 455. At the time of his sentencing, Candelaria qualified as a "career offender" under § 4B1.1 of the U.S. Sentencing Guidelines, so the Guidelines recommended a sentence far above the 60-month mandatory minimum. *See* Sentencing Hr'g Tr., *United States v. Candelaria*, No. 15-CR-20165-DPG-6 (S.D. Fla. Mar. 18, 2015), ECF No. 525 at 11 ("[Defense Counsel:] The statute requires that the Court sentence him to five years, 60 months. . . . Sixty months is still three times the amount of time he would have gotten had the Court sentenced him to what the guidelines would have dictated absent the career offender. He is looking at seven times the greater sentence if the Court says I'm going to sentence him [as a career offender]."). Candelaria appealed his sentence, but the Eleventh Circuit held that (1) "Candelaria was appropriately classified as a career offender," and that (2) Candelaria's sentence was not "substantively unreasonable." *United States v. Candelaria*, 671 F. App'x 760, 760–61 (11th Cir. 2016).

On February 17, 2017, Candelaria filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See* Motion to Vacate, *Candelaria v. United States*, No. 17-20685-CIV-GAYLES (S.D. Fla. Feb. 17, 2017), ECF No. 1. In that motion, Candelaria argued, among other things, that defense counsel was ineffective for failing "to challenge the district court's classification of movant as a career offender under [§ 4B1.1]." *Candelaria v. United States*, 2018 WL 11269807, at \*5 (S.D. Fla. Sept. 14, 2018) (White, Mag. J.), *report and recommendation adopted*, 2019 WL 11660807 (S.D. Fla. Feb. 27, 2019) (Gayles, J.). Magistrate Judge White recommended that Judge Gayles deny Candelaria's § 2255 on the merits, and Judge Gayles adopted Magistrate Judge White's recommendation over Candelaria's objections. *See Candelaria*, 2019 WL 11660807, at \*1. Candelaria then tried to appeal Judge Gayles's decision, but the Eleventh Circuit denied Candelaria's motion for a certificate of appealability. *See Candelaria v. United States*, 2019 WL 11662185, at \*1 (11th Cir. Aug. 22, 2019), *cert. denied*, 140 S. Ct. 2792 (2020).

Candelaria then asked the Eleventh Circuit for permission to file a successive § 2255 motion. *See* Application for Leave to File Successive Motion to Vacate, *In re: Lazaro Candelaria*, No. 22-10917 (11th Cir. Mar. 24, 2022), ECF No. 1 ("Application"). In that Application, Candelaria advanced two arguments. *First*, he relied on a Third Circuit decision, *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc), for his view that he "does not qualify for [the] career offender enhancement." Application at 7. *Second*, he argued that his career offender sentence had been rendered unconstitutional by the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022). *Id.* at 10–11. The Eleventh Circuit rejected both arguments and denied the Application, finding that Candelaria "failed to make a *prima facie* showing that [he] satisfies the statutory criteria of [28 U.S.C. § 2255(h)]." Order Denying Application, *In re: Lazaro Candelaria*, No. 22-10917 (11th Cir. Apr. 8, 2022), ECF No. 2-1 at 5. This Petition followed.

**THE LAW**

**A.  Second or Successive § 2255 Motions**

"Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for writ of habeas corpus [under 28 U.S.C. § 2241], to collaterally attack the legality of his sentence." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). Generally, a federal prisoner is entitled to file *one* motion to vacate under § 2255. *See Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("A federal prisoner typically must collaterally attack his conviction and sentence through a 28 U.S.C. § 2255 motion. Only a single § 2255 motion is authorized and successive attempts at relief are limited." (cleaned up)). A habeas movant can only circumvent this bar on successive motions if he makes "a prima facie showing" that (1) the claim he's raising is "new, meaning that it cannot have been presented in an earlier petition," or that (2) his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *In re Dailey*, 949 F.3d 553, 556–57 (11th Cir. 2020) (quoting 28 U.S.C. § 2244(b)(2)); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244[.]").

But a federal prisoner cannot file a successive § 2255 motion as a matter of course. Instead, "the motion must be certified by the court of appeals before the district court may reach the merits of the motion." *Boyd*, 754 F.3d at 1301 (citing 28 U.S.C. § 2244(b)(3)(A)). If a movant files a second or successive § 2255 motion in the district court *without* first receiving authorization from the court of appeals, then the district court must dismiss the successive petition because it lacks jurisdiction to consider it. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization

4

[from the court of appeals], the district court lacks jurisdiction to consider a second or successive [§ 2255 motion].").

### B.  Section 2255's "Saving Clause"

In drafting § 2255, Congress "created a mechanism for a prisoner to challenge his 'sentence' in the court that sentenced him," but—in an effort to harmonize § 2255 with § 2241—it also "left open the opportunity for a prisoner to file a petition for a writ of habeas corpus in the district of his confinement 'to test the legality of his *detention*[.]'" *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1279 (11th Cir. 2014) (W. Pryor, J., concurring) (quoting 28 U.S.C. § 2255(e)). That mechanism, § 2255(e), provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Put plainly, "a § 2255 motion is the exclusive procedure for a federal prisoner to seek collateral relief" *unless* the prisoner can prove that § 2255 is "inadequate or ineffective to test the legality of his detention." *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 997 (11th Cir. 2021). Only in that very narrow circumstance can a prisoner use a § 2241 petition—instead of a § 2255 motion—to challenge the legality of his conviction and sentence. *See ibid.* ("A district court can exercise jurisdiction over a federal prisoner's § 2241 petition only if the saving clause of § 2255(e) applies.").

And the Eleventh Circuit has identified *only* two instances in which a § 2255 motion is "inadequate and ineffective." *First*, the saving clause allows a prisoner to "file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *McCarthan*, 851 F.3d at 1092–93. *Second*, § 2255(e) applies within very

"narrow confines" where "the sentencing court is unavailable or dissolved [such as a military tribunal], or where practical considerations like 'multiple sentencing courts' prevent a federal prisoner from filing a § 2255 motion." *Amodeo*, 984 F.3d at 999–1000 & n.2 (quoting *McCarthan*, 851 F.3d at 1093); *see also Jones v. Hendrix*, 2023 WL 4110233, at *6 (U.S. June 22, 2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court."). But a federal prisoner cannot avail himself of the saving clause merely because he's *procedurally* barred from bringing the claim in a § 2255 motion. *See Amodeo*, 984 F.3d at 998 ("The failure to prevail does not mean the remedy provided by § 2255 is inadequate or ineffective. A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy.").

## ANALYSIS

In his Petition, Candelaria contends that his conviction under 21 U.S.C. § 846 "is not a 'controlled substance' offense as defined by § 4B1.2," so "petitioner no longer qualifies for [the] career offender enhancement." Petition at 7. In saying so, he relies on the Eleventh Circuit's recent decision in *Dupree*, which held that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt. . . . [A] conspiracy conviction under 21 U.S.C. § 846 [is] not a controlled substance offense." 57 F.4th at 1280. Candelaria contends that a *Dupree* error (like this one) *must* be cognizable under § 2255(e) because he's (1) procedurally barred from asserting this claim in a successive § 2255 motion *and* (2) the error is "substantively wrong." *See* Petition at 7 ("Procedural default and substantively wrong [sic] are the two exceptions under the portal of § 2255(e) 'the saving clause' and the petitioner meets both exceptions."); *see also* Preliminary Statement at 9 ("After exhausting all his available avenues Mr. Candelaria meets both exceptions under *McCarthan*—procedural default and substantially wrong [sic].").

Here, Candelaria is just mistaken. Challenges to the legality of a sentence are *precisely* the kinds of claims that *must* be adjudicated in a § 2255 proceeding. *See McCarthan*, 851 F.3d at 1090 ("Because McCarthan filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy [in § 2255] is adequate and effective to test the legality of his detention."); *see also, e.g., Parson v. Warden*, 836 F. App'x 825, 829 (11th Cir. 2020) ("Rather, Parson brings [a challenge to his career-offender enhancement] that he could have brought in a motion to vacate. Under our binding precedent, § 2255 provides Parson an adequate and effective mechanism for him to test his claim; as a result, he cannot bring his claim in a § 2241 petition for writ of habeas corpus." (cleaned up)).

It's true (of course) that Candelaria is now barred from filing a new motion to vacate unless it's premised on *either* "newly discovered evidence" *or* "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h)—two exceptions that don't apply to his *Dupree* claim. But just because Candelaria is procedurally barred from filing a successive § 2255 motion doesn't mean he's entitled to rely on the saving clause. "The inability of a prisoner . . . to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 2023 WL 4110233, at *9; *see also McCarthan*, 851 F.3d at 1090 ("The saving clause does not create a third exception [to § 2255(h)].").

And (contra Candelaria's view) § 2255(e) *doesn't* apply to claims that are procedurally defaulted—just as it doesn't kick in when the (alleged) error is "substantively wrong." The Eleventh Circuit has been clear that § 2255(e) *only* applies when a prisoner is "challeng[ing] the execution of his sentence" or where the sentencing court—for whatever reason—is "unavailable." *McCarthan*, 851 F.3d at 1092–93; *see also Parson*, 836 F. App'x at 828 ("[W]e gave three examples of when a motion to vacate is an inadequate procedural tool to address a petitioner's claims[:] (1) if the petitioner is challenging the execution of his sentence; (2) if the sentencing court is unavailable or has been dissolved; and (3)

if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate."). If we were to expand the scope of § 2255(e) to encompass any claim that's been procedurally defaulted, we'd invalidate all of § 2255's other procedural requirements—and that cannot be the law. *See McCarthan*, 851 F.3d at 1091 ("Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive petitions. It does away with the one-year statute of limitations. It renders the process for obtaining permission to file a second or successive motion and that for obtaining a certificate of appealability a nullity." (cleaned up)); *Amodeo*, 984 F.3d at 1002 ("If Amodeo had his way—if cognizability were the test and non-cognizable meant meritless or blocked by a procedural defense—a federal prisoner could avoid the bar on second and successive § 2255 motions after a change in caselaw simply by filing a § 2241 petition and arguing that his claim would not have succeeded . . . in his first motion.").

Candelaria thus cannot show that § 2255 is "inadequate or ineffective to test the legality of his detention," *Amodeo*, 984 F.3d at 997—which, as a practical matter, means that we must reconstrue his § 2241 petition as a motion to vacate under § 2255. *See Jones*, 2023 WL 4110233, at *7 ("[Several federal appellate courts have] held that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion. . . . We now hold that the saving clause does not authorize such an end-run around AEDPA."); *see also Antonelli*, 542 F.3d at 1352 ("[A] prisoner may not avoid gatekeeping under . . . § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a sentence."). And, since Candelaria has *already* filed a § 2255 motion attacking the very same conviction he's challenging here, we lack subject-matter jurisdiction over this unauthorized and successive § 2255 motion. *See Parson*, 836 F. App'x at 829 ("Because Parson's claim fails to satisfy the § 2255(e) criteria as we have construed

them, under our precedent, the district court lacked jurisdiction and properly dismissed Parson's petition [as second or successive].”); *see also Farris*, 333 F.3d at 1216 (“Because Farris was moving to vacate his sentences and he previously had filed a § 2255 motion, the district court did not err in construing his motion as a successive § 2255 motion.”).

Candelaria's first § 2255 motion was denied on the merits, *see Candelaria*, 2019 WL 11660807, at *1, so any subsequently filed § 2255 motion attacking *the same* federal criminal judgment would be “second or successive,” *see Mitchell v. United States*, 652 F. App'x 781, 784 (11th Cir. 2016) (“[T]he district court correctly determined that Mitchell's first § 2255 motion was adjudicated on the merits, and as such, the current § 2255 motion is a ‘second or successive’ motion within the meaning of the [AEDPA].”). And Candelaria is here attacking the very same judgment he tried to have overturned in his original motion to vacate. *See* Petition at 4 (admitting that this petition attacks the very same federal conviction he challenged in his original § 2255 motion). Because Candelaria didn't receive authorization from the Eleventh Circuit to file this successive motion, we lack jurisdiction to consider it. *See Farris*, 333 F.3d at 1216 (“Without authorization [from the court of appeals], the district court lacks jurisdiction to consider a second or successive [§ 2255 motion].”).

\*      \*      \*

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1.  The Petition [ECF No. 1] is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. And, because the Petition is “second or successive” under § 2255(h), we have no authority to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (“Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.”).

2. The Clerk is **DIRECTED** to docket a copy of the Petition [ECF No. 1] and this Order in Candelaria's criminal docket in Case No. 15-CR-20165-DPG-6.

3. All other pending motions are **DENIED as moot**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on June 23, 2023.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Lazaro Candelaria, *pro se*